11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Manuel Jessie Mendez

Appellant

Vs.                   No.  11-03-00062-CR -- Appeal from Palo Pinto
County

State of Texas

Appellee

 

Manuel
Jessie Mendez pleaded guilty to the offense of aggravated robbery. A jury was
empaneled to assess appellant=s punishment.  The jury assessed
appellant=s punishment at confinement for life and a
$10,000 fine.  We affirm. 

The record
shows that on June 23, 2000, the victim, Alfred Baroso Trevino, left his home
for a few minutes to get a drink at a nearby store.  When he returned, Trevino went into his bedroom, and appellant
was behind the door with a machete. 
Appellant attacked Trevino with the machete, seriously injuring
him.  Appellant took several items from
Trevino=s house and put them in  Trevino=s car.  Because Trevino=s car was not in working condition, appellant
left the scene on foot.  Appellant was
apprehended several days later.  

 In his first point of error, appellant argues
that the trial court erred in failing to grant his motion for mistrial based
upon juror misconduct during voir dire. 
Veniremember Starr informed the court that another member of the jury
panel, Veniremember Nunez, was talking about the case.  Veniremember Starr said that Veniremember
Nunez told the veniremembers on either side of him about Trevino=s injuries. 
Veniremember Starr stated to the court:

Specifically
what [Veniremember Nunez] said was, AWe used to play softball together and he=s not - - no longer ever going to be able to play because of the
condition of his hand.  He has no
use.  It took him months for him to be
able to heal.@ 

 








The trial court called the veniremembers who were seated on either side
of Veniremember Nunez.  The trial court
asked Veniremember Caldwell whether Veniremember Nunez had discussed the case
with her.  Veniremember Caldwell stated
that she asked Veniremember Nunez if Trevino Awas attacked at Travis school.@  Veniremember Nunez told
Veniremember Caldwell that the offense did not happen at the school.  Veniremember Nunez also told Veniremember
Caldwell that Trevino had a hand injury. 
Veniremember Caldwell said that Veniremember Nunez did not say anything
about Trevino=s ability to play sports.  Veniremember Caldwell said that Veniremember
Nunez was just whispering. 

Veniremember Beals stated that he did not hear Veniremember Nunez
discussing the case.  When asked if he
heard Veniremember Nunez talking to Veniremember Caldwell, Veniremember Beals
responded:  AI didn=t really pay too much attention.@  Veniremember Beals said that
he did not hear Veniremember Nunez speaking. 
Veniremember Nunez was excused from the jury panel.

The trial court has discretion in determining whether to grant a motion
for mistrial based on allegations of juror misconduct.  Granados v. State, 85 S.W.3d 217, 236
(Tex.Cr.App.2002).  Where there is
conflicting evidence on an issue of fact as to jury misconduct, the trial court
determines the issue; and there is no abuse of discretion in overruling the
motion for new trial.  Thomas v.
State, 699 S.W.2d 845, 854 (Tex.Cr.App.1985).  The record shows that the trial court  questioned Veniremembers Caldwell and Beals about the
comments.  Veniremember Beals stated
that he did not hear Veniremember Nunez discussing the case.  Veniremember Caldwell stated that any
comments Veniremember Nunez made did not influence her in any way.  Neither Veniremember Caldwell nor
Veniremember Beals were seated on the jury.  
Appellant has not shown that the trial court abused its discretion in
denying his motion for mistrial. 
Appellant=s first point of error is overruled.

In his second point of error, appellant contends that the trial court
erred in overruling his challenge of a prospective juror.  During his voir dire examination, appellant=s counsel asked the panel:

Is there anybody here that absolutely can=t accept the proposition that there are
certain people who, because of what has occurred to them like the orphans from
Romania, lose the ability - - maybe it=s an injury, an illness, lose the ability to control their behavior,
not all the time, but in certain instances? 
Is there anybody that cannot accept that as a reasonable proposition? 

 








Appellant=s counsel questioned individual veniremembers
about the above proposition. 
Veniremember Brown stated that she did not Abelieve [she] could accept the fact that you
can=t control yourself to do something like that.@ 

Outside
the presence of the other veniremembers, appellant=s counsel asked Veniremember Brown:  A[Y]ou just flat stated to me that you...can=t consider the proposition or, I guess,
excuse offered by the defendant in this at all.@  Veniremember Brown
responded:   A[W]e=re all accountable for what we do and I think we can control what we do
if we want to bad enough.@  Veniremember Brown said that
she could listen to what appellant had to say, but that she did not think she
could believe it.  Veniremember Brown
said that she would wait and hear the evidence before making a determination as
to appellant=s punishment.  In denying appellant=s challenge for cause, the trial court found that:

[T]he way I understand it, the question is
whether they will consider the defendant=s sole contention or a - - his contention that he couldn=t help what he was doing.  And I think that=s what was asked her.  A juror doesn=t have to believe anybody=s... position -- or either the State=s or the defendant=s position.  Now, whether she
said now she could listen, but not whether she didn=t have to buy into anybody=s theory to be a good juror. 

 

Veniremember Brown was
not seated on the jury.  The record
before us does not indicate whether appellant used a peremptory strike against
Veniremember Brown.

To
preserve error on denied challenges for cause, an appellant must demonstrate on
the record that: (1) he asserted a clear and specific challenge for cause; (2)
he used a peremptory challenge on the complained‑of venireperson; (3) all
his peremptory challenges were exhausted; (4) his request for additional
strikes was denied;  and (5) an
objectionable juror sat on the jury.  Feldman
v. State, 71 S.W.3d 738, 744 (Tex.Cr.App.2002); Green v. State, 934
S.W.2d 92, 105 (Tex.Cr.App.1996), cert. den=d,  520 U.S. 1200 (1997).  Appellant has not preserved his complaint
for review.  








Moreover,
we review the trial court=s denial of challenges for cause for abuse of discretion.  Curry v. State, 910 S.W.2d 490, 493
(Tex.Cr.App.1995).  When the record does
not contain a clearly objectionable declaration by the veniremember or when the
record demonstrates a vacillating or equivocal veniremember, we accord great
deference to the trial court who had the better opportunity to see and hear the
person.  Rachal v. State, 917
S.W.2d 799, 814 (Tex.Cr.App.), cert. den=d, 519 U.S. 803 (1996); Garcia v. State, 887 S.W.2d 846, 854
(Tex.Cr.App.1994), cert. den=d, 514 U.S. 1005 (1995).  
Appellant has not shown that the trial court abused its discretion in
denying his challenge for cause against Veniremember Brown.  Appellant=s second point of error is overruled. 
       In his third point of error,
appellant complains that the trial court erred in Afailing to halt the  trial and obtain a finding regarding appellant=s competency to stand trial.@ 
During cross-examination, appellant stated that he could not feel his
arms.  The trial court called for a
15-minute recess.  Although not recorded
on the record, it appears from the record, during the recess, there was a
physical confrontation resulting in appellant being restrained.  The jury was excused for the day.

The
following day, appellant=s counsel requested a mistrial. 
Appellant=s counsel argued that appellant was Aprovoked@ into the outburst by the State to demonstrate appellant=s anger. 
Appellant=s counsel then stated:

If the
Court does not think it=s suitable for a mistrial, then, in the alternative, we=d ask for a recess and allow the sheriff to
take this defendant to the nearest state hospital for an emergency evaluation
as to his ability to continue.  And that
would take, like, two or three days, and the jury could be brought back.  And that should, at that point, at least
calm the air and calm the nerves of everybody concerned so that we could
continue and conclude this case in an orderly manner with the kind of decorum
that=s intended in the courtroom. 

 

TEX. CODE CRIM. PRO. ANN.
art. 46.02, ' 2 (Vernon 1979) provides in part:

(b)  If during the trial evidence of the
defendant=s incompetency is brought to the attention of
the court from any source, the court must conduct a hearing out of the presence
of the jury to determine whether or not there is evidence to support a finding of
incompetency to stand trial.

 

Appellant requested a
mistrial or, in the alternative, a recess for a few days to allow appellant to
be examined at a state hospital to determine his competency to stand
trial.  On appeal, appellant argues
that, pursuant to Article 46.02, section 2(b), the trial court should have held
a hearing to determine his competency.  








An Article
46.02, section 2 competency inquiry is required only if the evidence brought to
the trial court=s attention raises a bona fide doubt in the
trial court=s mind about the defendant=s competency to stand trial.  McDaniel v. State, 98 S.W.3d 704, 710
(Tex.Cr.App.2003); Collier v. State, 959 S.W.2d 621 (Tex.Cr.App.1997), cert.
den=d, 525 U.S. 929 (1998).  
Evidence is usually sufficient to create a bona fide doubt if it shows
recent severe mental illness, at least moderate retardation, or truly bizarre
acts by the defendant. McDaniel v. State, supra; Alcott v.
State, 51 S.W.3d 596 (Tex.Cr.App.2001). 
When such a bona fide doubt does exist, the trial court must conduct an
Article 46.02, section 2 competency inquiry to determine whether there is some
evidence to support a finding of incompetency and, if so, to commence a
competency hearing before a jury pursuant to TEX. CODE CRIM. PRO. ANN. art.
46.02, ' 4 (Vernon 1979 & Pamph. Supp.
2003).  McDaniel v. State, supra.  Thus:

(1) if a
competency issue is raised by the defendant, any party, or the court; and

 

(2)
evidence of incompetency is brought to the attention of the trial court by the
defendant, any party, or the court;

 

(3) of the
type to raise a bona fide doubt in the judge=s mind regarding the defendant=s competency to stand trial; then

 

(4) the
judge must conduct a Section 2 Acompetency inquiry@ to determine if there is some evidence sufficient to support a finding
of incompetence, and if there is,

 

(5) the
judge must impanel a jury for a Section 4 Acompetency hearing.@  

 

McDaniel v. State, supra at 710-11.  The requirements of each step must be
fulfilled before moving on to the next. 
McDaniel v. State, supra. 


Prior to
trial, appellant filed a motion for a psychiatric examination.  Appellant was examined by a psychiatrist
prior to pleading guilty.  The
psychiatrist determined that appellant had the ability to consult with his
attorneys with a Areasonable
degree of understanding@ and that he had a rational and factual understanding of the
proceedings against him.  At a pretrial
hearing, appellant=s
counsel stated that, based upon the psychiatrist=s evaluation, he believed that appellant was competent to stand
trial.  








After the
confrontation that occurred during the punishment phase of the trial, appellant=s counsel asked the trial court to have
appellant examined Aunder
emergency provisions of the mental health code.@  Appellant=s counsel stated:  A I doubt that there would be very much
difference in the evaluation that came back than those before, but at least it
would give us that breather.@  The trial court noted that the
jury did not observe any physical confrontation involving appellant.  We find that there was no evidence brought
to the trial court to raise a bona fide doubt as to appellant=s competency to stand trial.  McDaniel v. State, supra.  Appellant=s third point of error is overruled.

In his
fourth point of error, appellant contends that the trial court erred in failing
to sustain his objection to inflammatory and prejudicial photographs.  Appellant objected to the State=s offer of photographs of the crime scene and
Trevino.  The trial court admitted three
pictures of Trevino which depict different views of his injuries.  The trial court admitted several pictures of
the inside of Trevino=s
house, each showing a different view of the crime scene.  

TEX.R.EVID.
403  states:

Although
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence.

 

Rule
403 favors the admission of relevant evidence and carries a presumption that
relevant evidence will be more probative than prejudicial. Hayes v. State,
85 S.W.3d 809 (Tex.Cr.App.2002); Montgomery v. State, 810 S.W.2d 372,
376 (Tex.Cr.App.1991).  The trial court=s decision will not be disturbed on appeal
unless it falls outside the zone of reasonable disagreement.  Jones v. State, 944 S.W.2d 642, 651
(Tex.Cr.App.1996), cert. den=d, 522 U.S. 832 (1997). A court may consider many factors in determining
whether the probative value of photographs is substantially outweighed by the
danger of unfair prejudice.  Hayes v.
State, supra.  These factors
include:  the number of exhibits
offered, their gruesomeness, their detail, their size, whether they are in
color or in black and white, whether they are close‑up, and whether the
body depicted is clothed or naked.  Hayes
v. State, supra; Wyatt v. State, 23 S.W.3d 18, 29 (Tex.Cr.App.2000).  

Appellant argues that the photographs were not relevant because the
jury was only assessing punishment.  We
find that the photographs of the crime scene and Trevino were relevant in
determining appellant=s
punishment.  Najar v. State, 74
S.W.3d 82 (Tex.App. - Waco 2002, no pet=n).  The photographs were not
unnecessarily gruesome, and there was not a large number of photographs
admitted.  Appellant has not shown that
the trial court abused its discretion in admitting the photographs.  Appellant=s fourth point of error is overruled.

 








The
judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

 

October 2, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.