Ronald ALCOTT, Appellant,

v.

The STATE of Texas.

No. 0897–00.

Court of Criminal Appeals of Texas, En Banc.

June 27, 2001.

---

**20.** *Bossley,* 968 S.W.2d at 343.

**21.** 923 S.W.2d 582.

**22.** 51 S.W.3d at 588 (quoting *Kerrville State Hosp.,* 923 S.W.2d at 585–86).

Debbie S. Holmes, Huntsville, for Appellant.

R. Neel McDonald, Assistant District Attorney, Farfield, for the State.

## OPINION

KELLER, Presiding Judge, delivered the opinion of the Court in which MEYERS, HOLLAND, KEASLER, HERVEY and HOLCOMB, JJ., joined.

Appellant claims that, during his trial for possession of a deadly weapon in a penal institution, evidence was brought to the trial court's attention regarding his mental incompetence. The trial court, however, did not conduct *sua sponte* a competency hearing pursuant to Article 46.02, Section 2(b) of the Code of Criminal Procedure.[1] Appellant contends that this failure was error. We must now determine the quantum of evidence necessary to trigger the statutorily required competency hearing before the bench.

### I.

While in prison, appellant threatened another inmate with a sharp object that appellant had made by hand. Guards were alerted and appellant returned to his cell, where the guards found him with the object in hand. The State charged appellant with possession of a deadly weapon in a penal institution.

Prior to trial, appellant's lawyer requested that the trial court appoint an expert to examine appellant and determine his competency to stand trial and his sanity at the time of the offense. The court appointed Dr. Ronald Massey. At trial, Dr. Massey testified that appellant was competent to

---

1. This provision states:
   If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency.
   Tex.Crim. Proc.Code Art. 46.02, § 2(b).

stand trial and legally sane when he committed the offense. Dr. Massey also testified, however, that appellant had taken prescription drugs to treat his various forms of mental illness that included a personality disorder, dementia, memory problems, and depression. In addition, Dr. Massey noted that appellant had an IQ of 73. During the punishment phase, moreover, appellant's counsel—when asked for a plea of true or not true to the enhancement paragraphs—stated, "I don't know if [appellant] understands or remembers." The trial court then entered a plea of "not true." Finally, later at the punishment phase, appellant responded to a witness for the State by exclaiming, "Smithey (the witness), did you get that where I tried to kill myself right there? I tried to get some help? Nobody helped me? Nobody helped me? Nobody helped me! Just brushed it under the rug, that's all!" A jury convicted appellant and sentenced him to life imprisonment.

On appeal, appellant claimed that the trial court should have *sua sponte* ordered a competency hearing before the bench pursuant to Section 2(b) because three factors raised an issue as to his competency: (1) Dr. Massey's testimony that appellant suffered from mental illness and was taking medication for the illness; (2) appellant's inability to enter a plea of "true" or "not true" to the enhancement paragraphs

at sentencing; and (3) appellant's outburst during the sentencing phase. The Court of Appeals for the Tenth District, however, rejected appellant's contention.[2] Relying on this Court's opinion in *Collier v. State*,[3] the court held that "[b]efore the trial court must conduct a Section 2(b) inquiry, the evidence must raise a bona fide doubt as to the competency of the defendant."[4] None of the three instances that appellant alleged, the court concluded, raised a "*bona fide* doubt" about his competency.[5]

In his petition for discretionary review, appellant argues that the "*bona fide* doubt" standard upon which the court of appeals relied conflicts with other decisions from this Court which hold that only "some evidence, a quantity more than a scintilla" is necessary to trigger a Section 2(b) competency hearing. We granted appellant's petition to clarify the confusion that the case law has produced on this subject.[6]

## II.

The due process right to a fair trial prevents the government from subjecting a person to trial whose "mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense."[7] As the United States Supreme

---

2. *See Alcott v. State*, 26 S.W.3d 1 (Tex.App.—Waco 1999, pet. granted).

3. 959 S.W.2d 621 (Tex.Crim.App.1997), *cert. denied*, 525 U.S. 929, 119 S.Ct. 335, 142 L.Ed.2d 276 (1998).

4. *Alcott*, 26 S.W.3d at 3.

5. *Id.* at 3–4.

6. *Compare, e.g., Medina v. State*, 7 S.W.3d 876, 878 (Tex.App.—Houston [1st Dist.] 1999, no pet.) ("In determining whether evidence is sufficient to raise a question of appellant's competency, the trial court examines only the

evidence tending to show incompetence to see whether there exists some evidence, a quantity more than none or a scintilla, that may rationally lead to a conclusion of incompetence."), *with Rice v. State*, 991 S.W.2d 953, 957 (Tex.App.—Fort Worth 1999, pet. ref'd) ("To trigger a Section 2 hearing, the evidence must sufficiently create a bona fide doubt in the mind of the court whether the defendant meets the test of legal competence.").

7. *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

Court recognized in *Pate v. Robinson*, a trial court must make inquiry into a criminal defendant's mental competence once the issue is sufficiently raised.[8] The Supreme Court, however, stopped short of prescribing a specific standard regarding the quantum of evidence necessary for a competency hearing.[9]

To adequately guard the right to a fair trial where evidence of the defendant's incompetence is raised *during* trial, our Legislature, consistent with the Supreme Court's opinion in *Pate* and with this Court's jurisprudence on the subject, adopted Section 2(b). Prior to Section 2(b)'s adoption and after *Pate*, this Court held that evidence from any reasonable or credible source must raise a *bona fide* doubt[10] as to a defendant's competency to stand trial before a trial judge is required *sua sponte* to hold a competency hearing.[11] After Section 2(b)'s adoption, this Court in *Johnson v. State*, recognizing Texas common law, found that the Legislature did not intend to abrogate the "*bona fide* doubt" standard, but rather to codify that standard in cases where evidence of the defendant's incompetence was raised during trial.[12]

In *Sisco v. State*, we adhered to our position in *Johnson* that Section 2(b) maintains the "*bona fide* doubt" standard.[13] But we said that a different standard governs Article 46.02, Section 2(a).[14] We ex-

---

**8.** 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

**9.** *See Drope*, 420 U.S. at 172, 95 S.Ct. 896. As the *Drope* Court noted, *Pate* alluded to the "*bona fide* doubt" standard as one that "jealously guarded" the due process right at issue there. *Id.* at 172–73, 95 S.Ct. 896. Justice Clark's opinion in *Pate*, however, was referring to the Illinois statute that required a hearing where the evidence raised such a *bona fide* doubt as to incompetence. Thus, where this Court has used Justice Clark's "*bona fide* doubt" language in past cases on this question, *see, e.g., Johnson v. State*, 564 S.W.2d 707, 710 (Tex.Crim.App.1977) (op. on reh'g), it is more accurate to say that the language is borrowed from the Illinois statute at issue in *Pate* rather than from Justice Clark himself.

We note also that, although the Supreme Court has not prescribed a specific standard for determining whether to hold a bench competency hearing, this federal circuit has consistently applied the "*bona fide* doubt" standard for state courts in its federal habeas corpus jurisprudence. *See Mata v. Johnson*, 210 F.3d 324, 329 (5th Cir.2000) ("A state court must conduct an inquiry into the defendant's mental capacity *sua sponte* if the evidence raises a bona fide doubt as to incompetency."); *Dunn v. Johnson*, 162 F.3d 302, 305 (5th Cir.1998), *cert. denied*, 526 U.S. 1092, 119 S.Ct. 1507, 143 L.Ed.2d 659 (1999) (quoting *Enriquez v. Procunier*, 752 F.2d 111, 113 (5th Cir.1984)) ("a trial court has a duty to hold a competency hearing when the 'objective facts known to the trial court [are] sufficient to raise a bona fide doubt as to [the petitioner's] competency.' ").

**10.** We have defined a "*bona fide* doubt" as "a real doubt in the judge's mind as to the defendant's competency. [Evidence raising a *bona fide* doubt] need not be sufficient to support a finding of incompetence and is qualitatively different from such evidence." *Mata v. State*, 632 S.W.2d 355, 358 (Tex.Crim.App.1982). We have also used "*bona fide* doubt" and "reasonable doubt" interchangeably in this context. *See Loftin v. State*, 660 S.W.2d 543, 546 (Tex.Crim.App.1983). As we have explained, evidence generally is sufficient to create a *bona fide* doubt if it shows recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant. *Mata*, 632 S.W.2d at 359; *Collier*, 959 S.W.2d at 625.

**11.** *See Townsend v. State*, 427 S.W.2d 55, 63 (Tex.Crim.App.1968).

**12.** *Johnson*, 564 S.W.2d at 710–711.

**13.** 599 S.W.2d 607, 613 (Tex.Crim.App.1980).

**14.** Tex.Crim. Proc.Code Art. 46.02, § 2(a) provides in full:

The issue of the defendant's incompetency to stand trial shall be determined in ad-

plained that the language of Section 2(a), which requires the trial court to conduct a hearing *before* trial where the court "determines there is evidence to support a finding of incompetency to stand trial," means that the trial court must determine "whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetence."[15]

Our jurisprudence took a new turn in *Williams v. State*,[16] which considered whether *Johnson's* standard for Section 2(b) situations was correct in light of *Sisco*. The *Williams* Court, however, addressed only the portion of Section 2(b)'s language requiring the trial court, after holding a competency hearing, to determine whether "there is *evidence to support a finding of incompetency to stand trial*"[17] and, if so, submit the issue for a jury competency hearing under Article 46.02, Section 4(a).[18] We found that because this language was identical to that in Section 2(a), as well as Sections 4(a) and (c),[19] the quoted language was to be construed consistently, according

to *Sisco's* "some evidence, a quantity more than none or a scintilla" standard.[20] We thus overruled that portion of *Johnson* and its progeny.[21]

Appellant argues that *Williams* requires application of the *Sisco* standard to all of Section 2(b). But *Williams* did not address the opening clause of Section 2(b), the statute's triggering mechanism: "If during trial *evidence of the defendant's incompetency* is brought to the attention of the trial court ..."[22] This language sets forth the standard that must first be met before a competency hearing *before the bench* is held, and is plainly different from the subsequent clause of Section 2(b) and the language of Sections 2(a), 4(a) and 4(c), all of which relate to the evidence necessary to trigger a competency hearing *before a jury*. To the first clause of Section 2(b) we have consistently applied the "*bona fide* doubt" standard. Confusion over the two standards is exacerbated by referring to both statutory proceedings as "competency hearings." So, we shall refer to the preliminary competency hearing be-

---

vance of the trial on the merits if the court determines there is *evidence to support a finding of incompetency to stand trial* on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial. (emphasis added).

15. *Sisco*, 599 S.W.2d at 613.

16. 663 S.W.2d 832 (Tex.Crim.App.1984).

17. *Id.* at 833–34 (emphasis added).

18. Section 4(a) provides, "If the court determines that there is *evidence to support a finding of incompetency to stand trial*, a jury shall be impaneled to determine the defendant's competency to stand trial...." Tex.Crim. Proc. Code Art. 46.02, § 4(a)(emphasis added).

19. Section 4(c) provides,
If the issue of incompetency to stand trial is raised other than by written motion in advance of trial pursuant to Subsection (a) of

Section 2 of this article and the court determines that there is *evidence to support a finding of incompetency to stand trial*, the court shall set the issue for determination at any time prior to the sentencing of the defendant.
*Id.* Art. 46.02, § 4(c) (emphasis added).

20. *Williams*, 663 S.W.2d at 834.

21. *Id.* Appellant contends that *Williams* expressly overruled the *Johnson* "*bona fide* doubt" standard. This is not strictly true. Although the relevant language in *Williams* was not so limited, *see id.*, it seems clear from the opinion that *Williams* meant to overrule only the portion of *Johnson* that applied the "*bona fide* doubt" standard to the statutory phrase "evidence to support a finding of incompetency to stand trial." *Id.*

22. Tex.Crim. Proc.Code Art. 46.02, § 2(b).

fore the bench as a "competency inquiry," and reserve the term "competency hearing" for the hearing before the jury.

*Collier* recognized this crucial statutory distinction. There, we explained that a Section 2(b) competency inquiry was required "only if the evidence brought to the judge's attention is such as to raise a bona fide doubt in the judge's mind as to the defendant's competency to stand trial."[23]

■ The statutory language, and our cases construing it, thus persuade us that the court of appeals correctly concluded that "evidence of the defendant's incompetency," as used in the opening clause of Section 2(b), is that evidence sufficient to create a *bona fide* doubt in the judge's mind as to the defendant's competence to stand trial. This clause triggers the determination of *whether* the trial court need conduct a competency inquiry *sua sponte*. Only if such a *bona fide* doubt exists need the court conduct such an inquiry, and only after such inquiry does the second clause of Section 2(b) operate, requiring the judge to determine whether there is "evidence sufficient to support a finding of incompetency" and, if so, to commence a competency hearing before a jury. It is this second clause in Section 2(b), and identical phrases in Sections 2(a), 4(a) and 4(c), that courts must evaluate under the "some evidence" standard.

Therefore, because the court of appeals correctly determined the quantum of evidence necessary to trigger a Section 2(b) competency inquiry, its decision is affirmed.

PRICE, J., filed a concurring opinion in which JOHNSON, J., joined. WOMACK, J., filed a concurring opinion in which JOHNSON, J., joined.

PRICE, J., filed a concurring opinion, in which JOHNSON, J., joined.

I agree with the majority that a bona fide doubt is the appropriate standard for determining whether a defendant may obtain a competency inquiry by the judge during trial. I write separately to try to clarify some confusion in this area of law.

There are two stages in the competency-determination process. First the trial court conducts an inquiry into the accused's competency to stand trial. The second stage is a hearing before the jury on the merits of the claim. The trial court must hold a hearing if, during its inquiry, it finds some evidence to support a finding of incompetency to stand trial.

Before trial, there are two ways to obtain a jury hearing on the merits of a claim of incompetency to stand trial. First, the judge can *sua sponte* order a hearing before a jury upon a finding that there is some evidence to support a finding of incompetency to stand trial. Art. 46.02 § 2(a). In the alternative, the accused may file a written motion for an inquiry before the judge, and the judge can determine from the inquiry that there is some evidence of incompetency. *Id.*

The timing of a request for an inquiry is an important consideration. It is easier for the trial court to investigate an accused's competency to stand trial before

---

23. *Collier*, 959 S.W.2d at 625. *See also Ex Parte Potter*, 21 S.W.3d 290, 297–98 n. 10 (Tex.Crim.App.2000) (noting *Collier's* recognition of the *"bona fide* doubt" standard for determination whether a hearing on competency is warranted); *Ex Parte Thomas*, 906 S.W.2d 22, 25 (Tex.Crim.App.1995), *cert. denied*, 518 U.S. 1021, 116 S.Ct. 2556, 135 L.Ed.2d 1074 (1996)(explaining, where the applicant claimed his forced medication rendered him incompetent, that there was "no bona fide doubt as to the applicant's competence to stand trial, and therefore the trial court was not required to conduct a separate hearing sua sponte.").

resources have been expended on a trial. As a result, the accused's or his counsel's written motion is sufficient to trigger the trial court's inquiry into having a jury hearing on the matter. *Id.*

During trial, it is much less convenient to conduct a separate jury determination of the accused's competence. But we cannot lose sight of the rationale for requiring that the accused be competent to stand trial. The requirement that the accused be competent to stand trial is a *fundamental* component of the accused's right to a fair trial. *See Drope v. Missouri,* 420 U.S. 162, 171–72, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson,* 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). The accused's interest in a fair trial and the trial court's interest in the efficient operation should be balanced when the trial court applies the appropriate test.

To obtain an inquiry during trial, the evidence available must raise a bona fide doubt. We have explained that a bona fide doubt exists "if the evidence indicates recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant." *Collier v. State,* 959 S.W.2d 621, 625 (Tex.Crim.App.1997) (citing *Mata v. State,* 632 S.W.2d 355, 359 (Tex.Crim.App.1982)). If the trial judge harbors such a doubt, she should conduct an inquiry outside the presence of the jury, at which time she should determine whether there is some evidence of incompetency. A finding of some evidence of incompetency triggers an incompetency hearing before a jury.

The threshold for obtaining a jury hearing on the merits of a claim of incompetency is the same whether it occurs before or during trial. To obtain a pretrial inquiry by the trial court into the need for a competency hearing, the accused only needs to file a written motion. The judge may *sua sponte* decide to have a hearing

on the merits also. After the trial has begun, the trial court must find from the evidence that a bona fide doubt exists as to the accused's competence to stand trial.

Given the fact that an inquiry is required to reach the hearing on the merits before the jury, the bona fide doubt standard must be a lower threshold than the evidence to support a finding standard. *See, e.g., id.* ("The evidence to which appellant points was insufficient to raise a *bona fide* doubt; therefore, the trial court was not required to hold a section 2 [inquiry], much less submit the question of appellant's competency to a jury"). The appellant seems to be confused about which threshold is higher because he argues that the standard to obtain an inquiry by the trial court is the same as that to obtain a hearing on the merits before the jury. This would make the trial court's inquiry during trial unnecessary because the accused would have already reached the threshold for obtaining a hearing on the merits before the jury.

The appellant does not argue that the evidence met either standard; therefore the determination of the threshold for obtaining an inquiry into the accused's competency to stand trial is the end of our inquiry. As a result, we cannot address whether the Court of Appeals's determination was correct that the appellant did not meet the bona fide doubt threshold.

With these comments, I concur in the judgment of the Court.

WOMACK, J., filed a concurring opinion in which JOHNSON, J., joined.

Code of Criminal Procedure, Article 46.02, Section 2(b) says:

> If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of

the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.

The questions before us are the meanings of "evidence of the defendant's incompetency" and "evidence to support a finding of incompetency to stand trial."

Now, "incompetency" is defined in the same article.[1] So the only words open to interpretation are "evidence of" and "evidence to support a finding of."

The Court construes "evidence of" to mean "that evidence sufficient to create a *bona fide* doubt in the judge's mind as to."[2] It further says, "Evidence raising a *bona fide* doubt need not be sufficient to support a finding of incompetence and is qualitatively different from such evidence ... [and] generally is sufficient to create a *bona fide* doubt if it shows recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant."[3]

The Court construes "evidence to support a finding of" to mean "some evidence, a quantity more than none or a scintilla, that rationally may lead to."[4]

So, according to the Court's construction, Code of Criminal Procedure, Article 46.02, Section 2(b) means:

If during the trial evidence that need not be sufficient to support a finding of incompetence and is qualitatively different from such evidence ... [and] that generally is sufficient if it shows recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant, is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a finding of incompetency to stand trial.

I find it passing strange that, in order to trigger a hearing on incompetency, the legislature would create a threshold test that is qualitatively different from evidence that would support a finding of incompetency. And if the evidence of "recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant" is relevant to incompetency (why consider it otherwise?) then the standard of proof at the threshold is higher than the standard at the hearing ("evidence, a quantity more than none or a scintilla, that rationally may lead to a finding of incompetency to stand trial").

I therefore, respectfully, join the judgment of the Court but not its opinion.

---

**1.** "A person is incompetent to stand trial if the person does not have:

(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or
(2) a rational as well as factual understanding of the proceedings against the person." Tex.Code Crim. Proc. art. 46.02, § 1A(a).

**2.** " '[E]vidence of the defendant's incompetency,' as used in the opening clause of [Code of Criminal Procedure, Article 46.02,] Section 2(b), is that evidence sufficient to create a *bona fide* doubt in the judge's mind as to the defendant's competence to stand trial. ...Only if such a *bona fide* doubt exists...does the second clause of Section 2(b) operate requiring the judge to determine whether there is evidence sufficient to support a finding of incompetency." *Ante* at 601.

**3.** *Ante* at 599 n. 10 (quotation marks, brackets, and citations omitted).

**4.** *Ante* at 599 (quotation marks and citation omitted).