In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00048-CR
______________________________


ROBERT DEWAYNE BEARD, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas 
Trial Court No. 29859-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            Robert Dewayne Beard waived a jury trial and pled guilty to two counts of injury to a child. 
See Tex. Pen. Code Ann. § 22.04(a) (Vernon 2003). There was no plea agreement. The trial court
assessed sentence at twenty-five years' confinement. See Tex. Pen. Code Ann. § 22.04(e) (Vernon 
2003) (intentionally or knowingly causes serious bodily injury or serious mental deficiency,
impairment, or injury to child is first-degree felony). In a single appellate issue, Beard contends the
trial court erred by not conducting a competency hearing on its own motion pursuant to Article
46.02, Section 2(b) of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann.
art. 46.02, § 2(b) (Vernon Supp. 2004). We affirm.
Background
            The State submitted several exhibits during the guilty plea hearing. Among the exhibits was
a police report that recorded a conversation between Beard and Detective Tom Watson of the Kilgore
Police Department. In that conversation, Beard said he occasionally "blacked out" and was unable
to remember what he had done. Also among the exhibits was a written statement signed by Beard. 
In the statement, Beard wrote he "blacked out" when he consumed heavy amounts of alcohol. 
However, Beard also wrote he no longer drinks to the level of excess that triggered the blackouts. 
In fact, at trial Beard testified he had not "really drank in quite a while." On appeal, Beard argues
the evidence of the blackouts is more than a scintilla of evidence that should have triggered the trial
court's duty to conduct a competency hearing pursuant to Article 46.02, Section 2(b). 
Analysis
            All defendants are presumed competent to stand trial until proven incompetent by a
preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 46.02, § 1A(b) (Vernon Supp.
2004). A defendant is not competent to stand trial if he or she does not have a sufficient ability to
consult with the attorney with a reasonable degree of rational understanding. Tex. Code Crim.
Proc. Ann. art. 46.02, § 1A(a) (Vernon Supp. 2004). Nor is a defendant competent to stand trial
if he or she lacks a rational as well as factual understanding of the proceedings. Id. When evidence
is offered during the proceeding that suggests a defendant may be incompetent, the trial court must
conduct an inquiry, referred to as a "section 2(b) inquiry," to determine whether there is evidence to
support a finding of incompetency to stand trial. Tex. Code Crim. Proc. Ann. art. 46.02, § 2(b). 
A Section 2(b) inquiry is required only when evidence brought to the trial court's attention raises a
"bona fide" doubt in the trial court's mind as to the defendant's competency. Collier v. State, 959
S.W.2d 621, 625 (Tex. Crim. App. 1997). Generally, a "bona fide" doubt is raised only when the
evidence indicates recent severe mental illness, at least moderate mental retardation, or truly bizarre
acts by the defendant. Id. 
            Alcott v. State, 51 S.W.3d 596 (Tex. Crim. App. 2001), is the leading Texas case on when
a trial court should conduct a Section 2(b) inquiry on its own motion. In Alcott, the Texas Court of
Criminal Appeals reiterated the firmly-rooted notion that "[t]he due process right to a fair trial
prevents the government from subjecting a person to trial whose 'mental condition is such that he
lacks the capacity to understand the nature and object of the proceedings against him, to consult with
counsel, and to assist in preparing his defense.'" Id. at 598 (quoting Drope v. Missouri, 420 U.S.
162, 171 (1975)). The court then elaborated on the legislative history of Article 42.02, noting
Section 2(b) was passed by our Legislature to safeguard a defendant's right to a fair trial when
evidence of the defendant's incompetency is raised in the midst of trial. Alcott, 51 S.W.3d at 598. 
            Section 2(b) of Article 46.02 provides:
If during the trial evidence of the defendant's incompetency is brought to the attention
of the court from any source, the court must conduct a hearing out of the presence of
the jury to determine whether or not there is evidence to support a finding of
incompetency to stand trial.
 
Tex. Code Crim. Proc. Ann. art. 46.02, § 2(b). 
            Prior to accepting Beard's plea, the trial court engaged Beard in a short colloquy. Beard's
answers to the trial court's questions were articulate and responsive. When asked whether he
understood the exact nature of the accusation contained in the State's indictment, Beard responded,
"Yes, sir." Beard also acknowledged he understood the charge was a first-degree felony, the
punishment for which was up to confinement for life and a fine of $10,000.00. Beard also filed an
application for community supervision, and he told the trial court he understood the consequences
of violating any terms and conditions, should the trial court grant community supervision. 
            The trial court then reviewed State's Exhibit One with Beard. That exhibit contained a
waiver of Beard's rights under the Fifth Amendment and was signed by Beard. Beard told the trial
court he understood that, by signing State's Exhibit One, he was making a confession of guilt. When
he later testified, Beard again seemed articulate and responsive to the questions asked on both direct
and cross-examination. 
            In this case, while there is some evidence Beard experienced alcohol-induced blackouts in
the past, Beard also testified he had stopped drinking to such excess and had not experienced a
similar episode in several years. There was no evidence of recent severe mental illness, other recent
bizarre acts by Beard, or mental retardation. To the contrary, Beard demonstrated both factual and
rational understanding of the proceedings against him. Beard's trial counsel said he believed there
was nothing mentally wrong with Beard. And there is nothing in the record to suggest Beard was
unable to assist his counsel in preparing a defense at trial. We conclude there was insufficient
evidence to raise a "bona fide" doubt as to Beard's competency such as to require the trial court to
conduct a Section 2(b) inquiry. 
            For the reasons stated, we overrule Beard's point of error and affirm the trial court's
judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          November 13, 2003
Date Decided:             November 14, 2003

Do Not Publish