In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00033-CR
______________________________


MATTHEW JUSTIN WAYNE MYERS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30781-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Matthew Justin Wayne Myers was convicted by a jury for the offense of aggravated robbery. 
The jury assessed his punishment at eighteen years' confinement. His single issue on appeal is
whether the trial court erred in failing to conduct an inquiry sua sponte concerning his competency
to stand trial. We affirm the judgment of the trial court.
            Myers did not present a motion for a competency hearing or for a mental evaluation. 
However, he contends sufficient evidence was presented concerning his incompetency during the
trial to activate a requirement of the court to conduct a competency inquiry. See Tex. Code Crim.
Proc. Ann. art. 46.02, § 2(b) (Vernon 1979).



            Myers relies on the following evidence to raise the issue of competency: 
            (1) When asked for his plea in the jury's presence, he initially pled guilty and thereafter pled
not guilty. 
            (2) Myers testified at the guilt/innocence phase of the trial that he suffered from bipolar
disorder and took medication for chronic anxiety, and during the punishment phase, he testified he
had been in several different hospitals for "chronic anxiety and stress" and had "emotional problems"
and hallucinations. 
            (3) Myers' grandmother testified at the punishment phase of the trial that Myers had a
"nervous breakdown" when he was eight years old, that he was placed in a hospital, that he took
medication for bipolar disorder, and that he was placed in some kind of "institution" in Tyler.
            Article 46.02, § 2(b) states: 
If during the trial evidence of the defendant's incompetency is brought to the
attention of the court from any source, the court must conduct a hearing out of the
presence of the jury to determine whether or not there is evidence to support a finding
of incompetency to stand trial. 

            A defendant is not competent to stand trial if he or she does not have a sufficient ability to
consult with the attorney with a reasonable degree of rational understanding, or a rational or factual
understanding of the proceedings against the person. Tex. Code Crim. Proc. Ann. art. 46.02,
§ 1(a)(1), (2).


 A defendant is presumed to be competent and shall be found competent to stand trial
unless proved incompetent by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art.
46.02, § 1(b) (Vernon 1979). 
            When evidence of incompetency of the defendant is offered during the trial that raises a bona
fide doubt in the trial court's mind concerning competency, the trial court must conduct an inquiry
referred to as a "Section 2(b) inquiry" to determine whether there is evidence to support a finding
of incompetency to stand trial. Generally, a "bona fide" doubt is raised only when the evidence
indicates recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by
the defendant. Alcott v. State, 51 S.W.3d 596, 599 (Tex. Crim. App. 2001); Collier v. State, 959
S.W.2d 621, 625 (Tex. Crim. App. 1997). 
            The procedure the trial court is to follow has been delineated by the Texas Court of Criminal
Appeals:
1) if a competency issue is raised by the defendant, any party, or the court; and 
 
2) evidence of incompetency is brought to the attention of the trial court by the
defendant, any party, or the court;
 
3) of the type to raise a bona fide doubt in the judge's mind regarding the defendant's
competency to stand trial; then
 
4) the judge must conduct a Section 2 "competency inquiry" to determine if there is
some evidence sufficient to support a finding of incompetence, and if there is,
 
5) the judge must impanel a jury for a Section 4 "competency hearing."

            The requirements of each step must be fulfilled before moving on to the next. McDaniel v.
State, 98 S.W.3d 704, 710–11 (Tex. Crim. App. 2003).
Analysis
            The fact that Myers entered a guilty plea and then changed the plea to not guilty does not
present a bona fide doubt as to his competency. Many other reasons explain the entry of the plea. 
Myers did not deny the allegations against him. In his trial testimony, Myers admitted the elements
of the crime by stating he and another individual went to the victim's house intending to steal money
to buy cocaine and that he kicked the victim and hit him with a pipe wrench. 
            The fact that Myers has been treated for some mental health related problems does not per se
warrant the trial court empaneling a separate jury to conduct a competency hearing where there is
no evidence indicating the defendant is incapable of consulting with counsel or understanding the
proceedings against him or her. See Moore v. State, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999). 
A trial court is within its power to find a defendant competent without a Section 2 hearing despite
evidence of depression or prior hospitalization when such evidence fails to indicate adequately either
severe mental illness or recent impairment. Id. (citing State v. Thompson, 915 S.W.2d 897, 902
(Tex. App.—Houston [1st Dist.] 1996, pet. ref'd)). 
            Here, the evidence revealed that Myers had been diagnosed with bipolar disorder, for which
he was prescribed medication. Myers testified he had been admitted to several hospitals during his
lifetime, but there is no evidence from any source showing severe mental illness, mental retardation,
or truly bizarre acts. Further, the evidence in this record affirmatively demonstrates that Myers
understood the nature of the proceedings against him and was able to communicate with his counsel
with a reasonable degree of rational understanding. 
            Before the commencement of the evidence, Myers testified that he understood he was
charged with aggravated robbery and that it was a first-degree felony. He further understood the
State would recommend a sentence of fifteen years' confinement on his plea of guilty. Instead, he
elected to go forward with the trial. During the guilt/innocence phase of the trial, Myers testified. 
On direct examination by his counsel, Myers demonstrated a complete understanding of the factual
charges against him. He explained that his cousin chose the house to rob; that his cousin knocked
down the victim; that Myers kicked the victim and hit him with a pipe wrench; and that he was afraid
his cousin would kill Myers if he did not hit the victim. On cross-examination, Myers stated that
they were robbing the home to steal money to buy cocaine; that he did not think anyone would be
at the house; that his cousin hit the victim first; that he hit the victim in the back of the head; that
Myers and his cousin then left in the victim's truck; and that he was not trying to kill the victim. 
            The trial court had a significant volume of testimony from Myers concerning the details of
the case to use in evaluating whether there was a bona fide doubt as to Myers' competency. This
testimony reveals that Myers understood the facts underlying the particular charge pending against
him. Further, there is no evidence Myers could not communicate with his counsel with a reasonable
degree of rational understanding. To the contrary, the evidence demonstrates a rational dialogue
between Myers and his counsel. The Texas Court of Criminal Appeals has held that a trial court 
may consider the actions and statements of a defendant in court in determining whether there is a
bona fide doubt as to the defendant's competency. McDaniel, 98 S.W.3d at 710–11 n.19.
            Several courts have upheld the trial court's failure to conduct a competency inquiry under
similar circumstances. Since these cases are unreported, they have no precedential value, but we find
the reasoning to be persuasive. Martinez v. State, No. 05-01-01770-CR, 2003 Tex. App. LEXIS
5638 (Tex. App.—Dallas June 30, 2003, no pet.) (not designated for publication) (defendant was
hospitalized several times and received medical attention for chemical dependency, depression, and
bipolar disorder. This was not found to trigger the incompetency inquiry. His behavior at the
punishment hearing contradicted the incompetency claim.); Smylie v. State, No. 09-00-170CR, 2001
Tex. App. LEXIS 5425 (Tex. App.—Beaumont Aug. 8, 2001, pet. ref'd) (not designated for
publication) (Evidence of bipolar disorder for which defendant was taking medication showed no
evidence of recent severe mental illness or inability to communicate with counsel); Liles v. State,
No.14-99-00590-CR, 2000 Tex. App. LEXIS 3054 (Tex. App.—Houston [14th Dist.] May 11, 2000,
no pet.) (not designated for publication) (diagnosis with bipolar disorder, depression, and paranoid
personality traits, but no evidence of recent mental illness or inability to communicate with
counsel–failure to conduct hearing not an abuse of discretion).
            The trial court has the discretion to determine whether the evidence raised a bona fide doubt
regarding a defendant's competency. See Ross v. State, 133 S.W.3d 618, 627 (Tex. Crim. App.
2004). If there is not sufficient evidence to raise a bona fide doubt as to the defendant's competency,
the trial court does not abuse its discretion in failing to conduct an inquiry into competency. Harris
v. State, No. 06-02-00224-CR, 2003 Tex. App. LEXIS 4921 (Tex. App.—Texarkana June 12, 2003,
pet. ref'd) (not designated for publication). 
            While Myers did present evidence of prior mental or emotional problems, none of the
evidence indicated that such problems precluded him from possessing a rational and factual
understanding of the proceedings against him or that he was unable to consult with his attorney with
a reasonable degree of rational understanding. Without evidence to raise a bona fide doubt regarding
Myers' competency to stand trial, the trial court did not abuse its discretion in failing to conduct a
competency inquiry. 
            We affirm the judgment of the trial court. 
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          September 1, 2004
Date Decided:             October 5, 2004

Do Not Publish