COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 DAVID RIOS, 
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 No. 08-10-00079-CR
 
 
 
 
 Appellant,
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 Appeal from the
 
 
 
 
 v. 
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 243rd
 Judicial District Court
 
 
 
 
  
 
 
 §
 
 
  
 
 
 
 
 THE STATE OF TEXAS,
 
 
  
 
 
 of El Paso
 County, Texas
 
 
 
 
  
 
 
 §
 
 
  
 
 
 
 
 Appellee.
 
 
  
 
 
 (TC# 20060D04634)
 
 
 
 
  
 
 
 §
 
 
  
 
 


 

 

O
P I N I O N

Appellant pled guilty to the first degree felony offense of aggravated
robbery on January 29, 2007 and was placed on 8 years’ deferred adjudication
community supervision.  On February 25,
2008, the State of Texas filed a Motion to Adjudicate Guilt which proceeded to
a contested hearing February 19, 2010. 
The trial court granted the State’s Motion to Adjudicate Guilt,
adjudicated Appellant guilty of the offense of aggravated robbery and, following
a punishment hearing, assessed punishment at 15 years confinement in the
Institutional Division.  In his sole
issue on appeal, Appellant argues that he was denied Due Process when the trial
court conducted the adjudication hearing despite Appellant’s attorney raising
doubts about Appellant’s competency.

 

Background

As the
contested revocation hearing began, Appellant’s attorney informed the trial
court that there were two things he wished to bring to the attention of the
trial court.  The first was that Appellant
had not been receiving medication previously prescribed to him while he was
incarcerated at the El Paso County Detention Facility Annex.  The second was that counsel had informed
Appellant of the State’s final offer in exchange for a plea of true to the
allegations contained in the State’s Motion to Adjudicate Guilt, and Appellant
had rejected that offer.  Counsel
informed the trial court that he was concerned about Appellant’s mental health
in light of Appellant’s rejection of the State’s offer.  Counsel further informed the trial court that
he and Appellant were no longer communicating, and that Appellant’s demeanor
was probably “the worst I’ve ever seen it.”[1]


The State
suggested that Appellant’s rejection of the State’s offer, coupled with the number
of continuances previously granted in the case, was part of some elaborate plan
by Appellant to delay the case – an assertion rejected by the trial court
because Appellant was incarcerated during the pendency of the Motion to
Adjudicate Guilt.

At one point
during the hearing, the Probation Officer engaged in a discussion with
Appellant regarding the medication Appellant was currently taking.  Appellant informed the court that he was
taking 75 milligrams of Benadryl each day. 
He further informed the trial court that he had been taking Lithium for
approximately two months, but that he had stopped taking it because “it wasn’t
working” for him.

Following that
discussion, the court noted that Appellant “sounds fine to me.”  Appellant indicated to the court that he
understood the State’s plea offer and was rejecting it.

The trial court
did not find that Appellant had any competency issues which might need to be
further addressed, and proceeded with the adjudication hearing.[2]  Appellant testified on his own behalf during
the hearing, and his answers to the questions posed to him were responsive and
lucid.  Appellant’s counsel did not make
any further request of the trial court with respect to Appellant’s competency,
nor did he object to the trial court proceeding with the adjudication
hearing.  Finally, no motion for
psychiatric examination or other motion related to competency was ever filed in
the case.

Following the
presentation of evidence, the trial court granted the State’s Motion to
Adjudicate Guilt, adjudicated Appellant guilty of the offense of aggravated
robbery and, at the conclusion of a punishment hearing, assessed punishment at
15 years confinement in the Institutional Division.

Standard of Review

            A
defendant is presumed competent to stand trial and shall be found competent to
stand trial unless proved incompetent by a preponderance of the evidence.  Tex.Code
Crim.Proc. Ann.  art. 46B.003(b)(West
2006).  A defendant is incompetent to
stand trial if he lacks (1) sufficient present ability to consult with his
lawyer with a reasonable degree of rational understanding, or (2) a rational,
as well as factual, understanding of the proceedings against him.  Id.
at Article 46B.003(a); Luna v. State,
268 S.W.3d 594, 598 (Tex.Crim.App. 2008). 


            A
party may suggest by motion, or the trial court may suggest on its own motion,
that the defendant may be incompetent to stand trial.  Tex.Code
Crim.Proc.Ann. art.
46B.004(a)(West Supp. 2011).  On
suggestion that the defendant may be incompetent to stand trial, the court
shall determine by informal inquiry whether there is some evidence from any
source that would support a finding that the defendant may be incompetent to
stand trial. Id. at Article
46B.004(c).  But, an informal inquiry is
not required unless the evidence is sufficient to create a bona fide doubt in the mind of the trial court about whether the
defendant is legally competent.  Montoya v. State, 291 S.W.3d 420, 425
(Tex.Crim.App. 2009). “A bona fide
doubt is ‘a real doubt in the judge’s mind as to the defendant’s
competency.’”  Fuller v. State, 253 S.W.3d 220, 228 (Tex.Crim.App. 2008), quoting Alcott v. State, 51 S.W.3d 596, 599 n.10 (Tex.Crim.App. 2001).

            A
trial court’s decision not to conduct an informal competency inquiry is
reviewed under an abuse-of-discretion standard. 
Montoya, 291 S.W.3d at 426.

Application

            Appellant
contends that the trial court should not have proceeded with the contested
revocation hearing in light of the doubts about Appellant’s competency raised
by his attorney prior to the commencement of the hearing, and that in doing so,
violated Appellant’s due process rights. 
Specifically, Appellant’s attorney informed the Court that Appellant was
not communicating with counsel and Appellant had not been receiving medication
for bi-polar disorder.

            However,
nothing in the record before this Court indicates that Appellant was incapable of consulting with counsel or
that he did not understand either the State’s plea offer or the contested
revocation proceedings.  Appellant’s
responses to the questions posed to him by the Probation Officer prior to the
commencement of the actual adjudication hearing were responsive and clear.  Appellant’s testimony during the contested
adjudication hearing was lucid and coherent, and in no way suggested that he
lacked a rational understanding of the proceedings against him.  See
Baldwin v. State, 227 S.W.3d 251, 256
(Tex. App. – San Antonio 2007, no pet.)(finding defendant’s testimony indicated
he could tell his side of the story and plead for leniency in a coherent
manner, and none of it suggested that he lacked a rational understanding of the
case against him.).

            There
was no suggestion, despite the information provided by Appellant’s counsel,
that Appellant’s demeanor, which was observed by the trial court, prosecutor,
defense attorney, and probation officer, was abnormal or indicated that he was
unable to understand the proceedings against him.  Nothing in the record was sufficient to create
a bona fide doubt in the mind of the
trial court about whether the defendant was legally competent, thereby
triggering the necessity of an informal inquiry.  While there was evidence indicating that
Appellant did not initially want to communicate with counsel, there was no
evidence that Appellant was incapable or had an inability to communicate with
his attorney.[3]

            While
evidence of recent severe mental-health issues[4],
moderate retardation, or bizarre behavior, none of which are present in this
case, may indicate a bona fide doubt
of competency, evidence of depression, past mental-health issues, or mental
impairment does not raise the issue of competency.  Montoya,
291 S.W.3d at 425.  

            We
find that the trial court reasonably acted within its discretionary authority
and that under the guiding principle of Montoya,
did not find that the evidence raised a bona
fide doubt regarding Appellant’s understanding of the nature of the
proceedings against him and his ability to consult with counsel with a
reasonable degree of rational understanding.  We further find that the discussion between
the probation officer, defendant counsel, prosecutor, and the trial court which
took place prior to the commencement of the contested adjudication hearing was an
informal inquiry sufficient to satisfy the requirements of Tex.Code Crim.Proc.Ann. art. 46B.004(c).

Inasmuch as
there was no evidence which raised a bona
fide doubt that Appellant was incapable of consulting with his attorney or
understanding of the nature of the proceedings against him, we conclude that
the trial court did not abuse its discretion by conducting the contested
adjudication hearing after being informed of Appellant’s counsel’s concerns.  Accordingly, Appellant’s sole issue is overruled.

Conclusion

Having overruled Appellant’s only issue, we affirm the judgment of the
trial court.

 

 

December 7, 2011

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)











[1]
Counsel also informed the Court that because of Appellant’s demeanor, he had
not been able to communicate with Appellant that morning, and that Appellant
was “not even looking at me.”





[2]
In fact, the trial court determined that Appellant had no competency issues,
and that Appellant’s responses indicated that he simply did not desire to
communicate with his counsel, rather than having an inability to communicate with counsel.





[3]
Appellant responded to all questions put to him by his attorney and by the
prosecutor on cross-examination. 
Further, during a pause in the proceedings, the record clearly reflects
that Appellant and his attorney conferred, demonstrating that Appellant was
capable of communicating with his attorney.





[4]
Appellant does not contend, nor does the record reflect that Appellant’s
bi-polar disorder is a severe mental illness.