COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

DAVID RIOS, §

               Appellant, §

v. §

THE STATE OF TEXAS, §

               Appellee. §

§

§

§

No. 08-10-00079-CR

Appeal from the

243rd Judicial District Court

of El Paso County, Texas

(TC# 20060D04634)

## O P I N I O N

Appellant pled guilty to the first degree felony offense of aggravated robbery on January 29, 2007 and was placed on 8 years' deferred adjudication community supervision. On February 25, 2008, the State of Texas filed a Motion to Adjudicate Guilt which proceeded to a contested hearing February 19, 2010. The trial court granted the State's Motion to Adjudicate Guilt, adjudicated Appellant guilty of the offense of aggravated robbery and, following a punishment hearing, assessed punishment at 15 years confinement in the Institutional Division. In his sole issue on appeal, Appellant argues that he was denied Due Process when the trial court conducted the adjudication hearing despite Appellant's attorney raising doubts about Appellant's competency.

*Background*

As the contested revocation hearing began, Appellant's attorney informed the trial court that there were two things he wished to bring to the attention of the trial court. The first was that Appellant had not been receiving medication previously prescribed to him while he was

incarcerated at the El Paso County Detention Facility Annex. The second was that counsel had informed Appellant of the State's final offer in exchange for a plea of true to the allegations contained in the State's Motion to Adjudicate Guilt, and Appellant had rejected that offer. Counsel informed the trial court that he was concerned about Appellant's mental health in light of Appellant's rejection of the State's offer. Counsel further informed the trial court that he and Appellant were no longer communicating, and that Appellant's demeanor was probably "the worst I've ever seen it."[1]

The State suggested that Appellant's rejection of the State's offer, coupled with the number of continuances previously granted in the case, was part of some elaborate plan by Appellant to delay the case – an assertion rejected by the trial court because Appellant was incarcerated during the pendency of the Motion to Adjudicate Guilt.

At one point during the hearing, the Probation Officer engaged in a discussion with Appellant regarding the medication Appellant was currently taking. Appellant informed the court that he was taking 75 milligrams of Benadryl each day. He further informed the trial court that he had been taking Lithium for approximately two months, but that he had stopped taking it because "it wasn't working" for him.

Following that discussion, the court noted that Appellant "sounds fine to me." Appellant indicated to the court that he understood the State's plea offer and was rejecting it.

The trial court did not find that Appellant had any competency issues which might need to be further addressed, and proceeded with the adjudication hearing.[2] Appellant testified on his own behalf during the hearing, and his answers to the questions posed to him were responsive

---

[1] Counsel also informed the Court that because of Appellant's demeanor, he had not been able to communicate with Appellant that morning, and that Appellant was "not even looking at me."
[2] In fact, the trial court determined that Appellant had no competency issues, and that Appellant's responses indicated that he simply did not desire to communicate with his counsel, rather than having an *inability* to communicate with counsel.

and lucid.  Appellant's counsel did not make any further request of the trial court with respect to Appellant's competency, nor did he object to the trial court proceeding with the adjudication hearing.  Finally, no motion for psychiatric examination or other motion related to competency was ever filed in the case.

Following the presentation of evidence, the trial court granted the State's Motion to Adjudicate Guilt, adjudicated Appellant guilty of the offense of aggravated robbery and, at the conclusion of a punishment hearing, assessed punishment at 15 years confinement in the Institutional Division.

*Standard of Review*

A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence.  TEX.CODE CRIM.PROC. ANN. art. 46B.003(b)(West 2006).  A defendant is incompetent to stand trial if he lacks (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or (2) a rational, as well as factual, understanding of the proceedings against him. *Id.* at Article 46B.003(a); *Luna v. State,* 268 S.W.3d 594, 598 (Tex.Crim.App. 2008).

A party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial.  TEX.CODE CRIM.PROC.ANN. art. 46B.004(a)(West Supp. 2011).  On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. *Id.* at Article 46B.004(c). But, an informal inquiry is not required unless the evidence is sufficient to create a *bona fide* doubt in the mind of the trial court about whether the defendant is legally competent. *Montoya v. State*, 291 S.W.3d 420, 425 (Tex.Crim.App. 2009). "A *bona fide* doubt is 'a real doubt in the

3

judge's mind as to the defendant's competency.'" *Fuller v. State,* 253 S.W.3d 220, 228 (Tex.Crim.App. 2008), *quoting Alcott v. State*, 51 S.W.3d 596, 599 n.10 (Tex.Crim.App. 2001).

A trial court's decision not to conduct an informal competency inquiry is reviewed under an abuse-of-discretion standard. *Montoya,* 291 S.W.3d at 426.

*Application*

Appellant contends that the trial court should not have proceeded with the contested revocation hearing in light of the doubts about Appellant's competency raised by his attorney prior to the commencement of the hearing, and that in doing so, violated Appellant's due process rights. Specifically, Appellant's attorney informed the Court that Appellant was not communicating with counsel and Appellant had not been receiving medication for bi-polar disorder.

However, nothing in the record before this Court indicates that Appellant was *incapable* of consulting with counsel or that he did not understand either the State's plea offer or the contested revocation proceedings. Appellant's responses to the questions posed to him by the Probation Officer prior to the commencement of the actual adjudication hearing were responsive and clear. Appellant's testimony during the contested adjudication hearing was lucid and coherent, and in no way suggested that he lacked a rational understanding of the proceedings against him. *See Baldwin v. State,* 227 S.W.3d 251, 256 (Tex. App. – San Antonio 2007, no pet.)(finding defendant's testimony indicated he could tell his side of the story and plead for leniency in a coherent manner, and none of it suggested that he lacked a rational understanding of the case against him.).

There was no suggestion, despite the information provided by Appellant's counsel, that Appellant's demeanor, which was observed by the trial court, prosecutor, defense attorney, and

4

probation officer, was abnormal or indicated that he was unable to understand the proceedings against him. Nothing in the record was sufficient to create a *bona fide* doubt in the mind of the trial court about whether the defendant was legally competent, thereby triggering the necessity of an informal inquiry. While there was evidence indicating that Appellant did not initially want to communicate with counsel, there was no evidence that Appellant was incapable or had an inability to communicate with his attorney.[3]

While evidence of recent severe mental-health issues[4], moderate retardation, or bizarre behavior, none of which are present in this case, may indicate a *bona fide* doubt of competency, evidence of depression, past mental-health issues, or mental impairment does not raise the issue of competency. *Montoya*, 291 S.W.3d at 425.

We find that the trial court reasonably acted within its discretionary authority and that under the guiding principle of *Montoya*, did not find that the evidence raised a *bona fide* doubt regarding Appellant's understanding of the nature of the proceedings against him and his ability to consult with counsel with a reasonable degree of rational understanding. We further find that the discussion between the probation officer, defendant counsel, prosecutor, and the trial court which took place prior to the commencement of the contested adjudication hearing was an informal inquiry sufficient to satisfy the requirements of TEX.CODE CRIM.PROC.ANN. art. 46B.004(c).

Inasmuch as there was no evidence which raised a *bona fide* doubt that Appellant was incapable of consulting with his attorney or understanding of the nature of the proceedings against him, we conclude that the trial court did not abuse its discretion by conducting the

---

[3] Appellant responded to all questions put to him by his attorney and by the prosecutor on cross-examination. Further, during a pause in the proceedings, the record clearly reflects that Appellant and his attorney conferred, demonstrating that Appellant was capable of communicating with his attorney.

[4] Appellant does not contend, nor does the record reflect that Appellant's bi-polar disorder is a severe mental illness.

contested adjudication hearing after being informed of Appellant's counsel's concerns.

Accordingly, Appellant's sole issue is overruled.

## *Conclusion*

Having overruled Appellant's only issue, we affirm the judgment of the trial court.


December 7, 2011

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

6