**Joel DAVILA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–89–413–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 29, 1990.

Patrick J. McGuire, Corpus Christi, for appellant.

Grant Jones, James Rosenkild, Dist. Attys. Office, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and KEYS, JJ.

## OPINION

NYE, Chief Justice.

Appellant appeals from an order revoking his probation. By twelve points of error, appellant asserts that the trial court erred in entering its order. As modified by this Court, we affirm the judgment of the trial court.

Appellant pleaded guilty before the Honorable Mike Westergren, Judge of the *214th* District Court, to the offense of indecency with a child. Judge Westergren sentenced appellant to six years' confinement in the Texas Department of Corrections (TDC), probated for six years. Several months later, the State filed a motion to revoke appellant's probation in what was labelled the *347th* District Court. The State subsequently moved for and was granted a dismissal of its motion. This motion was also labelled the 347th District Court. At that time, a Modification of Terms of Intensive Probation was filed in appellant's case; again it was labelled the 347th District Court. Several months later, the State filed another motion to revoke appellant's probation in what was labelled the *347th* District Court. The Honorable Joaquin Villarreal, Judge of the 347th District Court modified appellant's conditions of probation. He suspended his decision whether to revoke appellant's probation for several months in order to allow the appellant the chance to comply with the modified probation conditions.

After several months, Judge Villarreal revoked appellant's probation and reduced the original punishment of six years' detention to two years' detention in the TDC. The judgment, labelled as a proceeding in the 347th District Court, indicates that Judge Villarreal found appellant had violated six conditions of his probation: condition B, by failing to report to the probation officer as directed, condition E, by failing to report any change of residence, job, or job status to the probation officer within 24 hours, condition J, by failing to pay any court costs, condition K, by failing to pay his probation fee, condition M, by failing to submit to counselling for sexual abuse and participate until administratively discharged in a satisfactory manner, and condition T, by failing to submit to antabuse therapy and participate until administratively discharged in a satisfactory manner.

By his first point of error, appellant asserts that the 347th District Court erred by revoking his probation in violation of Article 42.12, Section 10(a) of the Texas Code of Criminal Procedure.[1] Specifically, appellant asserts that only the court in which he was tried (in this case the *214th* District Court) could grant probation, fix or alter his probation conditions, revoke his probation, or discharge him unless the court transferred jurisdiction of his case to another court with the latter court's consent. Appellant points to the absence in the record of a transfer of jurisdiction and consent to that transfer which would show that the case was properly transferred from the 214th to the 347th District Court.

▆ It is true that the docket sheet does not indicate that the 214th District Court ordered a transfer of jurisdiction over this proceeding to the 347th District Court. We note that the docket number assigned to this case did not change throughout the entire proceedings.[2] Therefore, we are

---

1.  Article 42.12, § 10(a) provides:

    *Only the court in which the defendant was tried may* grant probation, impose conditions, *revoke the probation,* or discharge the defendant, *unless the court has transferred jurisdiction of the case to another court* with the latter's consent. (emphasis added)

Tex.Code Crim.Proc.Ann. art. 42.12, § 10(a) (Vernon Supp.1990).

2.  The docket sheet indicates that the docket number assigned to this case was 87–CR–1520–F. While the numbers never changed, this case was also identified during these proceedings as 87–CR–1520–H. Neither appellant nor the State offered nor can this court find any reasonable

compelled to conclude that there was no transfer of jurisdiction over this case between the two district courts.

Nonetheless, Judge Villarreal properly revoked appellant's probation because he, the judge of the 347th District Court, could also sit as a judge of the 214th District Court. District court judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law. Tex. Const. art. V, § 11.[3] Section 24.303 of the Government Code states:

**Transfer of Cases; Exchange of Benches**

(a) In any county in which there are two or more district courts, the judges of those courts may, in their discretion, either in termtime or vacation, on motion of any party or on agreement of the parties, or on their own motion, transfer any civil or criminal case or proceeding on their dockets to the docket of one of those other district courts. *The judges of those courts may, in their discretion, exchange benches or districts from time to time....*

(d) This section does not limit the powers of the judge when acting for any other judge by exchange of benches or otherwise.

Tex.Gov't Code Ann. § 24.303 (Vernon 1988) (emphasis added). It is not necessary that a formal order be entered for the judge of one district court to preside over a case in place of a duly elected judge, nor is it necessary for the docket sheet or minutes to show the reason for the exchange of benches by district judges. *Davila v. State,* 651 S.W.2d 797, 799 (Tex.Crim.App. 1983); *Pendleton v. State,* 434 S.W.2d 694, 696–97 (Tex.Crim.App.1968). Furthermore, a district judge may hear and determine matters pending in any district court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter, and his judgments, orders or actions are valid and binding as if

the case were pending in his own court. Tex.Gov't Code Ann. § 74.094 (Vernon Supp.1990).

As a district court judge with concurrent jurisdiction in Nueces County, Judge Villarreal had the authority to sit as a judge of the 214th District Court without obtaining a formal order to do so. As such, we modify the record and the judgment to show that the probation revocation pleadings and appellant's probation revocation occurred in the 214th District Court of Nueces County, the court having original jurisdiction over this matter. Point of error number one is overruled.

By his sixth and seventh points of error, appellant asserts that the trial court erred by revoking his probation based upon Count I of the Motion to Revoke Probation because the allegations in Count I are vague and indefinite and that the underlying probation condition is vague and overbroad. Specifically, appellant asserts that the condition and count were indefinite because they failed to state with sufficient particularity to whom appellant was ordered to report and to whom he failed to report.

Condition "B" of appellant's probation order required that appellant "report to the probation officer as directed and at least once a month while you are on probation." The Motion for Revocation of appellant's probation alleged: "The Defendant failed to report in person, by telephone, or by mail for the months of March and April, 1989, in violation of Condition B of his Adult Probation."

At the hearing to revoke appellant's probation, Nueces County Adult Probation Officer Sylvia Westrup testified that she was the probation officer assigned to supervise appellant's probation. She was present in court when appellant pleaded guilty and received his probated sentence. That same day, Westrup contacted appellant and informed him that she was his probation

---

explanation for this discrepancy except that it was clerical error.

**3.** This Court takes judicial notice that both the 214th and the 347th District Courts have concur-

rent jurisdiction over felony cases in Nueces County. Tex.Gov't Code Ann. §§ 24.393, 24.493 (Vernon 1988); Tex.Code Crim.Proc.Ann. art. 4.05 (Vernon Supp.1990).

officer.[4] Westrup stated that she read the probation order to appellant in a condition-by-condition manner. After reading each condition to appellant, Westrup asked appellant whether he understood that condition. Appellant affirmed to Westrup that he understood each condition. He subsequently signed the probation conditions order which Westrup read to him, verifying that he fully understood all of his probation conditions. Appellant also acknowledged during his revocation hearing that he was given a copy of his probation conditions and that he understood those conditions.

Appellant initially complied with Condition B by contacting Westrup as she directed. However, after eight months of probation, appellant did not report to Westrup in person during March and April, 1989, to fulfill his monthly obligation and did not attempt to contact Westrup by mail or telephone as she directed.

 Allegations in a motion to revoke probation need not be stated with the same particularity required in an indictment or information, but must fully and clearly set forth the alleged violations of probation so that the defendant might be informed of the facts against which he will be called to defend. *LaBelle v. State*, 720 S.W.2d 101, 104 (Tex.Crim.App.1986); *Garner v. State*, 545 S.W.2d 178, 179 (Tex.Crim.App.1977); *Chaires v. State*, 704 S.W.2d 397, 399 (Tex. App.—Corpus Christi 1985, no pet.).

In the present case, the motion to revoke probation informed appellant that he violated Condition B (a requirement to "report to the probation officer") by failing to report in person, by telephone, or by mail in March and April of 1989. By his previous conduct, appellant indicated that he clearly understood that Ms. Westrup was his probation officer and the officer referred to in his probation conditions. His failure to report to Westrup constituted a breach of his probation conditions. The allegation in Count 1 of the motion to revoke probation clearly incorporated by reference Condition B to sufficiently inform appellant that he violated his obligation to report to the probation officer and how he violated the obligation. Points of error six and seven are overruled.

The general rule is that if one violation of probation conditions is supported by the evidence, it is unnecessary to consider the sufficiency of the evidence to support other violations. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App.1980); *Chaires*, 704 S.W.2d at 398; *Rivera v. State*, 688 S.W.2d 659, 660 (Tex.App.—Corpus Christi 1985, no pet.). Having found that appellant failed to report to the probation officer as required by the probation order, discussion of appellant's additional points of error is unnecessary.

The judgment of the trial court is MODIFIED, and AFFIRMED as modified.

---

4. In fact, Westrup remained appellant's only probation officer for his entire probationary period.