NUMBER 13-06-184-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DANNY ARGUELLES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 138th District Court 

of Cameron County, Texas 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant, Danny Arguelles, by one point of error, contends the trial court erred
in revoking his community supervision when, immediately following the revocation
hearing, defense counsel questioned appellant's competency. We affirm.I. Background

 Pursuant to a plea agreement, appellant pleaded guilty to the charge of
burglary of a habitation. See Tex. Penal Code Ann. § 30.02 (Vernon 2003). The trial
court assessed punishment at ten years' imprisonment, but suspended the imposition
of appellant's sentence and placed him on community supervision for eight years. As
part of his plea agreement, the trial court ordered appellant to a term of confinement
and treatment in a substance abuse felony punishment facility (SAFPF). 

 The State filed a motion to revoke appellant's community supervision. At the
revocation hearing, appellant testified that he received a Social Security monthly
payment of $552. Appellant testified he received this benefit because a doctor stated 
"it [the reason for receiving Social Security benefits] was mental" and because he
cannot read. This benefit ended when appellant began his detention and treatment
at SAFPF. Appellant further testified that while at SAFPF a doctor prescribed Prozac
for his depression due to his mother's death. He testified that in 2003, because of his
depression, he began seeing psychologists and psychiatrists. Appellant also testified
that he did not suffer from hallucinations, such as seeing things not there or hearing
voices. Appellant testified that he understood that the State had requested revocation
of his probation. He stated that he understood some of the events occurring at the
hearing, but that he was "not really sure what [was] going on." Finally, appellant
testified that the school district he attended in Florida placed him in special education
classes until he dropped out in the ninth grade.

 Having heard appellant's testimony and the State's evidence regarding the
alleged violations, the trial court revoked appellant's community supervision. (1) When
the revocation hearing concluded, the trial court asked for an update on appellant's
upcoming trial on a separate matter. The following exchange then occurred:

 The Court: One second. So, bottom line, are we
announcing ready and we need to pick a
jury? (2)

 

 Defense Counsel: The problem I am having right now - and just
out of an abundance of caution - I would like
to ask for a couple of weeks. I am going to try
to prolong this trial as long as I have to. I was
ready to try it this week. I will probably have
to go to the Social Security to make sure that
he is not borderline incompetent, because I
know - as an officer of this Court I will advise
the Court that I have spoken to the
defendant's wife for half an hour last
Thursday. I spoke to the defendant on four or
five occasions. I spoke to the defendant's
father twice and I was never made aware that
he had any alleged mental defect or at least
any indication that he qualified for Social
Security benefits. Because, knowing Social
Security, they deny most claims. So there
has to be something of substance for Social
Security to have allowed a claim, and I was
totally unaware that he was receiving SSI
benefits for his mental disorder. 


 The Court: What says the State? Obviously, he was
sentenced to ten years TDC this morning, so
he is not going anywhere.


 . . . .


 The Court: All right. We are back on the record. It is my
understanding that the defense at this time is
requesting a brief continuance of two weeks.

 

 Defense Counsel: I am asking for two weeks, Your Honor, again,
just to ascertain the issue of the defendants. (3) 
Not - I don't think it's an issue. But, just to
retrieve some information from Social Security
and verify some of the information that Mr.
Arguelles may have given at his hearing. And
once I do that, then I will be in a position to
proceed forward on it.

 

 State Counsel: Your Honor, the State is under the
understanding - although, we are certainly
sympathetic to any competency issue, we are
saying he is very competent. He appears to
be competent from the limited interaction I've
had with him. However, every competency
issue, I think should be investigated. So, for
that reason we are not opposed. 

II. Incompetency 

 Appellant now contends the trial court erred in revoking his community
supervision because, during this exchange, the trial court learned that appellant "may
not have been competent at the time." We construe appellant's complaint as
challenging the trial court's decision to not "suggest that the defendant may be
incompetent to stand trial" and to not conduct a competency inquiry. Tex. Code Crim.
Proc. Ann. art. 46B.004(b)-(c) (Vernon 2006); see McDaniel v. State, 98 S.W.3d 704
(Tex. Crim. App. 2003) (finding a bona fide doubt was not raised in the trial court's
mind during a revocation hearing, thus, the trial court was not required to conduct a
competency inquiry).

A. Standard of Review

 We review a decision whether to conduct a competency inquiry under an abuse
of discretion standard. See Garcia v. State, 595 S.W.2d 538, 541-42 (Tex. Crim. App.
1980); Salahud-Din v. State, 206 S.W.3d 203, 207 (Tex. App.--Corpus Christi 2006,
pet. ref'd). A trial court is subject to reversal for abuse of discretion if the decision
was "arbitrary or unreasonable" without regard to "guiding rules and principles." 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc) (quoting
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)).

B. Law

 It is a violation of due process to convict a person while he is incompetent to
stand trial. McDaniel, 98 S.W.3d at 709. "A person is incompetent to stand trial if the
person does not have (1) sufficient present ability to consult with the person's lawyer
with a reasonable degree of rational understanding, or (2) a rational as well as factual
understanding of the proceedings against the person." Tex. Code Crim. Proc. Ann.
art. 46B.003(a) (1)-(2) (Vernon 2006). When evidence suggests the defendant may
be incompetent to stand trial, the court conducts an informal competency inquiry to
determine whether some evidence would support the defendant's incompetency to
stand trial. Id. art. 46B.004(c); McDaniel, 98 S.W.3d at 710-11 (explaining the
requirements of each step in a claim of incompetence); Alcott v. State, 51 S.W.3d 596,
601 (Tex. Crim. App. 2001) (en banc); Salahud-din v. State, 206 S.W.3d at 208. 

 "Evidence sufficient to prompt a competency hearing or inquiry must raise a
'bona fide doubt' in the mind of the trial judge to the defendant's competency to stand
trial." Salahud-din, 206 S.W.3d at 208. If a bona fide doubt as to the defendant's
competency is raised in the court's mind, it is required to hold an informal competency
inquiry. (4) See Tex. Code Crim. Proc. Ann. art. 46B.003(b); Alcott, 51 S.W.3d at 601;
Salahud-din, 206 S.W.3d at 207-208. A bona fide doubt is raised if the evidence
indicates recent severe mental illness, at least moderate mental retardation, or truly
bizarre acts by the defendant. Collier v. State, 959 S.W.2d 621, 625 (Tex. Crim. App.
1997) (en banc); Salahud-din, 206 S.W.3d at 208. The question, then, before this
Court is whether the trial court abused its discretion when it did not conduct a
competency inquiry. See Tex. Code Crim. Proc. Ann. art. 46B.004(b); Alcott, 51
S.W.3d at 601.

III. Analysis

 Here, neither the trial court, the State, nor defense counsel raised the issue of
appellant's incompetency during the revocation hearing. Appellant contends a bona
fide doubt as to his competence was raised after the revocation hearing when
defense counsel stated he needed two weeks to investigate whether his client was
"borderline incompetent."

 Defense counsel's concern was expressed only after the revocation hearing
was concluded and only in regard to an upcoming trial. Nonetheless, even had the
concern been expressed during the revocation hearing, a statement that the
defendant may be incompetent is not sufficient to raise a bona fide doubt that would
require a competency inquiry. See McDaniel, 98 S.W.3d at 711 (noting defendant's
"naked assertion, 'I am incompetent,'" is insufficient to warrant a competency inquiry
or competency hearing without supporting evidence or facts). Therefore, defense
counsel's comment, without specific supporting evidence that raised a bona fide doubt
in the trial court's mind regarding appellant's competency, i.e., a present ability to
consult with counsel or a rational understanding of the proceeding against him, would
not require the trial court to "suggest that the defendant may be incompetent to stand
trial" and to conduct a competency inquiry. Tex Code Crim. Proc. Ann. art.
46B.003(a); see Tex. Code Crim. Proc. Ann. art. 46B.004(b) (Vernon Supp. 2006);
McDaniel, 98 S.W.3d at 711; Moore v. State, 999 S.W.2d 385, 394 (Tex. Crim. App.
1999) (finding evidence of incompetency must be "specific and illustrative of a present
inability to communicate with the defendant."); see, e.g., Mata v. State, 632 S.W.2d
355, 359 (Tex. Crim. App. 1982) ("The evidence must cause the court a bona fide
doubt that the defendant has a sufficient present ability to consult with his lawyer with
a reasonable degree of rational understanding or that he lacks an understanding of
the proceedings against him"). 

 Moreover, appellant's testimony that he (1) received Social Security benefits,
(2) was placed in special education classes, (3) suffered from depression, (4) took
prescription medication, and (5) was unable to read did not raise a bona fide doubt
that he was competent. These facts are not based on recent severe mental illness,
at least moderate mental retardation, or truly bizarre acts. See Collier, 959 S.W.2d
at 625. 

 Also, appellant's testimony is not sufficient to create a bona fide doubt that
appellant lacked the present ability to communicate with counsel or the ability to
understand the legal proceedings. See Tex. Code Crim. Proc. Ann. art. 46B.003(a)
(1)-(2); Moore, 999 S.W.2d at 393 ("A competency hearing is not required unless the
evidence is sufficient to create a bona fide doubt in the mind of the judge whether the
defendant meets the test of legal competence."). In this case, although appellant
testified he was "not really sure what [was] going on," he testified lucidly on his own
behalf, and he understood questions directed to him from defense counsel and the
State. Appellant was also able to carry on a dialogue without explanation. During his
testimony, appellant was coherent and alert. He testified that he did not suffer from
hallucinations. Defense counsel also acknowledged he had spoken to appellant's
family members and to the appellant on several occasions, and he was not aware that
appellant had "any alleged mental defect." This contradicts appellant's incompetency
claim because it shows that he had the present ability to communicate with his
counsel and he understood the legal proceedings against him. 

 Because the trial court followed guiding principles and did not act arbitrarily or
unreasonably, we conclude it did not abuse its discretion by not suggesting a
competency inquiry. See Tex. Code Crim. Proc. Ann. art. 46B.004(b), (c). We
overrule appellant's sole point of error.

IV. Conclusion

 We affirm the judgment of the trial court. 

 

 NELDA V. RODRIGUEZ

 Justice

Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 4th day of October, 2007.
1. Appellant concedes the State's evidence proved that appellant violated a term of his probation. See
Davila v. State, 794 S.W.2d 518, 521 (Tex. App.--Corpus Christi 1990, no pet.) ("The general rule is that if
one violation of probation conditions is supported by evidence, it is unnecessary to consider the sufficiency
of the evidence to support the other violations.") (citing Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim.
App. 1980)).
2. The trial court is referring to appellant's upcoming trial.
3. Defense counsel is referring to appellant and a co-defendant in the upcoming trial.
4. This Court has applied the "bona fide doubt" standard in reviewing a trial court's application of article
46B. See Salahud-din v. State, 206 S.W.3d 203, 208 (Tex. App.--Corpus Christi 2006, pet. ref'd) ("Although
the statutory language in the code of criminal procedure governing competency hearings has recently been
amended, several of our sister courts continue to apply the bona fide doubt construct when reviewing a trial
court's failure to order a competency hearing. . . . We do the same today.") (citations omitted); but see
Greene v. State, 225 S.W.3d 324, 328 n.3 (Tex. App.--San Antonio 2007 no pet.) (refusing to apply "bona
fide doubt" language to article 46B because the legislature changed the language of the statute).