Affirmed and Memorandum Opinion filed May 6, 2010.

 

 

 

                                           
In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00609-CR

___________________

 

DAMON TYRONE JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 3rd District Court

Anderson County,
Texas



Trial Court Cause No. 28, 282

 



 

 

MEMORANDUM OPINION

            Appellant Damon Tyrone Jackson appeals the trial
court’s order adjudicating his guilt and sentencing him to two years’
confinement for the offense of credit card abuse.  In two issues, appellant
contends (1) the punishment assessed is not supported by sufficient evidence,
and (2) the trial court did not have jurisdiction to adjudicate appellant’s
guilt.  We affirm.

I.  Factual and Procedural Background

            Appellant was
charged by indictment for the offense of credit card abuse.  He entered a plea
of “guilty” and received two years’ deferred adjudication probation.  Appellant
entered his plea in the 3rd Judicial District Court in Anderson County, Judge
Deborah Oakes Evans presiding.  The State subsequently filed a motion to
adjudicate appellant’s guilt alleging, among other things, that appellant violated
his probation by committing another offense against the State by fleeing from a
peace officer.  A hearing was held in the 3rd Judicial District Court over
which Judge Bascom Bentley presided.  

            In support of its
motion, the State presented evidence that appellant fled from Ronnie Holcomb,
the warrant officer for Anderson County.  Officer Holcomb testified that he had
a warrant for appellant’s arrest and met appellant at the adult probation
office.  Appellant told Officer Holcomb that he would surrender willingly, but
needed to make a phone call.  After appellant finished his phone call, he left
the building and ran down the street.  Officer Holcomb chased appellant and
arrested him.  Judge Bentley found that appellant violated the conditions of
his probation by committing the offense of flight from a peace officer.  Judge
Bentley made no further findings as to the State’s additional allegations, and
assessed appellant’s punishment at two years’ confinement in the State Jail
Division of the Texas Department of Criminal Justice.

II.  Issues and Analysis

A.        Did the
presiding judge have jurisdiction to hear the motion to adjudicate?

            In his second
issue, appellant contends the trial judge who heard the motion to adjudicate
did not have jurisdiction because he was not the same judge who ordered the
deferred adjudication.  Appellant alleges that Judge Bentley did not have
jurisdiction to adjudicate guilt because Judge Evans signed the original
deferred adjudication order.  Appellant relies on section 10 of article 42.12
of the Code of Criminal Procedure, which provides:

Sec. 10. (a) Only the court in
which the defendant was tried may grant community supervision, impose
conditions, revoke the community supervision, or discharge the defendant,
unless the judge has transferred jurisdiction of the case to another court with
the latter’s consent.  Except as provided by Subsection (d) of this section,
only the judge may alter conditions of community supervision.  In a felony
case, only the judge who originally sentenced the defendant may suspend
execution thereof and place the defendant under community supervision pursuant
to Section 6 of this article.  If the judge who originally sentenced the
defendant is deceased or disabled or if the office is vacant and the judge who
originally sentenced the defendant is deceased or disabled or if the office is
vacant and a motion is filed in accordance with Section 6 of this article, the
clerk of the court shall promptly forward a copy of the motion to the presiding
judge of the administrative judicial district for that court, who may deny the
motion without a hearing or appoint a judge to hold a hearing on the motion.

Tex. Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2009).

            Appellant argues
that because there is no formal exchange of bench agreement between Judge Evans
and Judge Bentley, the court had no jurisdiction to adjudicate his guilt.  The
Texas Constitution states in part that “the district judges may exchange
districts, or hold courts for each other when they deem it expedient, and shall
do so when required by law.”  Tex.
Const. art. V, § 11.  Section 24.303 of the Government Code states that the
judges of district courts in counties in which there are two or more district
courts “may, in their discretion, exchange benches or districts from time to
time.”  Tex. Gov’t Code Ann. §
24.303(a) (Vernon 2004).  Furthermore, the Court of Criminal Appeals has held it
is not necessary that a formal order be entered for the judge of one district
court to preside over a case in place of a duly elected judge.  Davila v.
State, 651 S.W.2d 797, 799 (Tex. Crim. App. 1983).  

            In this case, the
court in which appellant entered his “guilty” plea was the 3rd Judicial
District Court of Anderson County.[1] 
At the time probation was imposed, Judge Evans, presiding judge of the 87th Judicial
District Court,[2]
presided over that court.  Through an exchange of benches, Judge Bentley, judge
of the 369th Judicial District Court,[3]
presided over the 3rd Judicial District Court at the time appellant’s probation
was revoked and his guilt adjudicated.  Contrary to appellant’s assertion,
there is no need for a formal order to record the exchange of benches. 
Moreover, the exchange does not prohibit Judge Bentley from revoking
appellant’s probation.  As a district judge with concurrent jurisdiction in
Anderson County, Judge Bentley had jurisdiction to sit as a judge of the 3rd
Judicial District without obtaining a formal order to do so.  See Davila v.
State, 794 S.W.2d 518, 520 (Tex. App.—Corpus Christi 1990, no pet.) (judge
of revoking court, under exchange of benches, would be deemed as sitting as
judge of imposing court).  Therefore, Judge Bentley had jurisdiction to
adjudicate appellant’s guilt.  Appellant’s second issue is overruled.

            B.        Did
the trial court err in assessing punishment?

            In his first
issue, appellant contends the trial court abused its discretion in sentencing
him to two years in prison.  Our review of the trial court’s order revoking
probation is limited to determining whether the trial court abused its
discretion.  Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). 


            On appeal,
appellant contends that the punishment he received was cruel and unusual due to
the compelling lack of evidence of malice, threat, violence, or other typical
aggravating factor.  Appellant, however, failed to object to the trial court’s
assessment of punishment at the adjudication hearing.

            The Eighth
Amendment to the United States Constitution requires that a criminal sentence
be proportionate to the crime for which a defendant has been convicted.  Solem
v. Helm, 463 U.S. 277, 290 (1983).  To preserve for appellate review a
complaint that a sentence is grossly disproportionate constituting cruel and
unusual punishment, a defendant must present to the trial court a timely
request, objection, or motion stating specific grounds for the ruling desired. 
Tex. R. App. P. 33.1(a); Rhoades
v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996).  Therefore, by
failing to object to the two-year sentence, appellant waived his claim that the
sentence was cruel and unusual.  Appellant’s first issue is overruled.

            The judgment of
the trial court is affirmed.

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices
Frost, Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] The 3rd Judicial District
is composed of Anderson, Henderson, and Houston Counties.  Tex. Gov’t Code Ann. § 24.103 (Vernon
2004).





[2] The 87th Judicial
District is composed of Anderson, Freestone, Leon, and Limestone Counties.  Tex. Gov’t Code Ann. § 24.189 (Vernon
2004).





[3] The 369th Judicial
District is composed of Anderson and Cherokee Counties.  Tex. Gov’t Code Ann. § 24.514 (Vernon
2004).