02-10-160-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.  02-10-00160-CR

 

 


 
 
 Jose Ruiz
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 396th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          A
jury convicted Appellant Jose Ruiz of aggravated robbery with a deadly weapon
(count one), aggravated assault with a deadly weapon (count two), burglary of a
habitation (count three), and unlawful possession of a firearm by a felon
(count four).  On Appellant’s plea of true, the trial court found that
Appellant had a prior robbery conviction.  The trial court sentenced Appellant
to twenty-eight years in prison on counts one and three and twenty years in
prison on counts two and four, to be served concurrently.[2]

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that, in his
professional opinion, this appeal is frivolous.  Counsel’s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87
S. Ct. 1396 (1967), by presenting a professional evaluation of the record
and demonstrating why there are no arguable grounds for appeal.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v.
State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). 
Appellant filed a pro se brief in response.[3]  The State filed a letter
response,[4] to which Appellant
replied.

          Once
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record to see if
there is any arguable ground that may be raised on his behalf.  See Stafford,
813 S.W.2d at 511; Mays, 904 S.W.2d at 923.  Only then may we grant
counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83,
109 S. Ct. 346, 351 (1988).

          We
have carefully reviewed the record, counsel’s brief, Appellant’s and the
State’s responses, and Appellant’s reply.  We agree with counsel that this
appeal is wholly frivolous and without merit; we find nothing in the record
that arguably might support any appeal.  See Bledsoe v. State, 178
S.W.3d 824, 827 (Tex. Crim. App. 2005); see also Garner v. State, 300
S.W.3d 763, 767 (Tex. Crim. App. 2009).  Accordingly, we grant the motion to
withdraw and affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
GARDNER, DAUPHINOT, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 12, 2012









[1]See Tex. R. App. P. 47.4.





[2]Appellant’s potential
sentencing ranges were enhanced by a September 2006 robbery conviction.





[3]Appellant asserts that the
trial court erred in failing to sua sponte conduct further inquiry into his
competency to stand trial.  See Tex. Code Crim. Proc. Ann. art.
46B.004(a), (b), (c) (West Supp. 2011); Alcott v. State, 51 S.W.3d 596,
601 (Tex. Crim. App. 2001) (holding that preliminary competency inquiry is necessary
if there is “evidence sufficient to create a bona fide doubt in the
judge’s mind as to the defendant’s competence to stand trial”); see also
Montoya v. State, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009) (holding that
changes in incompetency statute do not affect previous “bona fide doubt”
standard).





[4]Citing to excerpts in the
record and the following authority, the State responds that there was no bona
fide doubt as to Appellant’s competency that would have required the trial
court to conduct a competency hearing.  See Fuller v. State, 253 S.W.3d
220, 228–29 (Tex. Crim. App. 2008) (where defendant appeared to be able to work
with his attorneys, trial court did not err in failing to sua sponte order him
to be examined for competency purposes), cert. denied, 129 S. Ct. 904
(2009); see also Montoya, 291 S.W.3d at 426.