

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00160-CR

JOSE RUIZ                                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Jose Ruiz of aggravated robbery with a deadly weapon (count one), aggravated assault with a deadly weapon (count two), burglary of a habitation (count three), and unlawful possession of a firearm by a felon (count four). On Appellant's plea of true, the trial court found that Appellant had a prior robbery conviction. The trial court sentenced Appellant to twenty-

---

[1]See Tex. R. App. P. 47.4.

eight years in prison on counts one and three and twenty years in prison on counts two and four, to be served concurrently.[2]

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Appellant filed a pro se brief in response.[3] The State filed a letter response,[4] to which Appellant replied.

---

[2]Appellant's potential sentencing ranges were enhanced by a September 2006 robbery conviction.

[3]Appellant asserts that the trial court erred in failing to sua sponte conduct further inquiry into his competency to stand trial. *See* Tex. Code Crim. Proc. Ann. art. 46B.004(a), (b), (c) (West Supp. 2011); *Alcott v. State*, 51 S.W.3d 596, 601 (Tex. Crim. App. 2001) (holding that preliminary competency inquiry is necessary if there is "evidence sufficient to create a *bona fide* doubt in the judge's mind as to the defendant's competence to stand trial"); *see also Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009) (holding that changes in incompetency statute do not affect previous "*bona fide* doubt" standard).

[4]Citing to excerpts in the record and the following authority, the State responds that there was no bona fide doubt as to Appellant's competency that would have required the trial court to conduct a competency hearing. *See Fuller v. State*, 253 S.W.3d 220, 228–29 (Tex. Crim. App. 2008) (where defendant appeared to be able to work with his attorneys, trial court did not err in failing to sua sponte order him to be examined for competency purposes), *cert. denied*, 129 S. Ct. 904 (2009); *see also Montoya*, 291 S.W.3d at 426.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511; *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, Appellant's and the State's responses, and Appellant's reply. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). Accordingly, we grant the motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, DAUPHINOT, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 12, 2012